IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| M. BRANDON ADAMS | ) |
| | ) |
| v. | ) NO: 1:17-0055 |
| | ) |
| BENJAMIN BEANE, et al. | ) |

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered August 18, 2017 (Docket Entry No. 6), this *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion for partial dismissal (Docket Entry No. 20) of Defendant Stacy Oakes be denied. The undersigned further recommends that Defendant Daniel Epley be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**I.  BACKGROUND**

Brandon Adams ("Plaintiff"), an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Turney Center Industrial Complex ("Turney Center"), filed this lawsuit on June 16, 2017, seeking both damages and injunctive relief under 42 U.S.C. § 1983 for

alleged violations of rights protected by the Eighth and Fourteenth Amendments. Upon initial review of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. 1997e, the Court dismissed all claims except for a single claim that TDOC correctional employees Daniel Epley ("Epley") and Stacy Oakes ("Oakes") violated Plaintiff's Fourteenth Amendment equal protection rights through discriminatory enforcement of disciplinary rules. *See* Docket Entry No. 6 at 2. Specifically, Plaintiff alleges that Defendant Epley pursued a disciplinary charge against him, a black inmate, when Epley has elected not to pursue charges against two white inmates in materially similar circumstances. *See* Plaintiff's motion (Docket Entry No. 5) at 17-19. He further alleges that Defendant Oakes failed to act to remedy the matter upon his Title VI complaint to Oakes about the alleged discriminatory treatment. *See* Complaint (Docket Entry No. 1) at ¶¶ 48, 58, and 70.

Process for Defendant Epley was attempted at the address provided by Plaintiff but was returned unexecuted with a notation that Epley was no longer employed at the Turney Center. *See* Docket Entry No. 11. Defendant Oakes has answered the complaint with a denial of wrongdoing, *see* Docket Entry No. 22, and a scheduling order has been entered. *See* Docket Entry No. 24. By her motion for partial dismissal, Defendant Oakes moves to dismiss Plaintiff's requests for injunctive relief based upon the argument that he has failed to state a claim for which injunctive relief may be granted. *See* Memorandum in Support (Docket Entry No. 2)1 at 4-5.

By Order entered January 17, 2018 (Docket Entry No. 23), the Court gave Plaintiff a deadline of February 19, 2018, by which to (1) file a response to the motion to dismiss, and, (2) provide an alternative address for service of process on Epley. The docket reflects that Plaintiff has not responded in any manner to either the motion for partial dismissal or the Court's January 17, 2018 Order.

## II. CONCLUSIONS AND RECOMMENDATIONS

Defendant Epley should be dismissed from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) requires that a defendant be served with process within 90 days of the date an action is filed and provides that, in the absence of a showing of good cause for why service has not been timely made, the Court "must dismiss" the action without prejudice. Process was ordered to issue to Epley in the Order entered August 18, 2017, and a summons was issued to him on September 13, 2017. *See* Docket Entry No. 8. The 90 day period long ago expired. Accordingly, unless Plaintiff objects to this Report and Recommendation and shows good cause for his failure to serve process upon Defendant Epley, Defendant Epley should be DISMISSED from the action WITHOUT PREJUDICE for lack of service of process.

Defendant Oakes' motion for partial dismissal should be DENIED. Plaintiff's allegation that his Fourteenth Amendment equal protection rights were violated by Defendants in the context of prison disciplinary proceedings is sufficient to satisfy the "injury-in-fact" requirement necessary to confer Article III standing on Plaintiff to pursue this case, and there is certainly a live case or controversy before the Court. If Plaintiff is ultimately successful in proving that he was unconstitutionally convicted of a prison disciplinary offense, having the tainted disciplinary conviction expunged from his prison record would appear to be within the realm of appropriate injunctive relief that would remedy the harm caused to Plaintiff. While the *pro se* Plaintiff may not have outlined in his complaint the types of ongoing impacts that having a record of a disciplinary conviction has on matters related to a prison inmate's incarceration, it is certainly reasonable to presume that an inmate's security classification, housing, acceptance into prison programs, and other

similar matters may be impacted by having a record of a disciplinary conviction. At this stage of the proceedings, and given the liberal construction that is to be afforded interpretation of *pro se* pleadings, there is no reason to foreclose Plaintiff from obtaining this avenue of relief should he succeed on his claim. The necessity of any final remedial injunctive relief in this case is more appropriately reviewed if Plaintiff succeeds in proving that a constitutional violation occurred as alleged.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge