IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

M. BRANDON ADAMS )
 )
    v. ) NO: 1:17-0055
 )
BENJAMIN BEANE, et al. )

**TO: Honorable William L. Campbell, Jr., District Judge**

R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 18, 2017 (Docket Entry No. 6), this *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 40) filed by Defendant Stacy Oakes. Plaintiff has not responded to the motion. For the reasons set forth below, the undersigned respectfully recommends that the motion for summary judgment be granted.

**I. BACKGROUND**

Brandon Adams ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on June 16, 2017, seeking both

damages and injunctive relief under 42 U.S.C. § 1983 for alleged violations of rights protected by the Eighth and Fourteenth Amendments. Upon initial review of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. 1997e, the Court dismissed all claims except for a single claim that TDOC correctional employees Daniel Epley ("Epley") and Stacy Oakes ("Oakes") violated Plaintiff's Fourteenth Amendment equal protection rights by discriminatory enforcement of prison disciplinary rules. *See* Docket Entry No. 6 at 2. *See also* Order entered January 16, 2018 (Docket Entry No. 25), denying Plaintiff's motion for review.

Plaintiff, who is a black inmate, was charged on August 25, 2016, with the prison disciplinary offenses of possession/use of a cellular telephone and possession/use of tobacco products after these items were found hidden in Plaintiff's work area. *See* Plaintiff's motion (Docket Entry No. 5) at 17. Plaintiff was found guilty of these charges on September 22, 2016, after a disciplinary hearing at which Epley was the disciplinary hearing officer. *See* Complaint (Docket Entry No. 1) at 7, ¶¶ 34 and 38. The disciplinary convictions were upheld upon Plaintiff's administrative appeal. *Id.* at 8-9, ¶¶ 43, 46, and 50.

Plaintiff alleges that approximately one month after the disciplinary convictions, a homemade weapon was found in the toilet in the cell of two white inmates but they were not charged with or convicted of a disciplinary offense. *See* Docket Entry No. 5 at 18-19, and Complaint at 12, ¶ 70. He contends that this differing treatment was because of the race of the two inmates and that Defendant Epley should have treated him in the same manner as the white inmates were treated. Plaintiff alleges that he filed an administrative Title VI complaint with Defendant Oakes about the differing treatment but that Oakes failed to take any steps to remedy the matter. *See* Complaint at 8 and 12, ¶¶ 48, 58, and 70.

After Defendant Oakes answered the complaint, a scheduling order was entered that provided for a period of pretrial activity in the case. *See* Docket Entry Nos. 22 and 24. Process for Defendant Epley was initially returned unexecuted, but he was eventually served with process and filed an answer to the complaint. *See* Docket Entry No. 48.

## II. MOTION FOR SUMMARY JUDGMENT

On May 14, 2018, Defendant Oakes moved for summary judgment in her favor. Defendant Oakes argues that Plaintiff cannot support his equal protection claim against her because: (1) she was not involved in the disciplinary proceedings but only determined that his Title VI complaint could not be sustained; (2) Plaintiff is not similarly situated to the two white inmates who were not formally charged with disciplinary offenses; and, (3) she played no role in deciding whether or not to charge the two white inmates with disciplinary offenses and, thus, did not engage in an unequal application of prison discipline. Additionally, Defendant Oakes raises the defense of qualified immunity. In support of her motion, Defendant Oakes relies upon a copy of a disciplinary report entered August 25, 2016, against Plaintiff (Docket Entry No. 42-1), the transcript of Plaintiff' deposition (Docket Entry No. 42-2), a copy of an incident report dated October 19, 2016, regarding the two white inmates (Docket Entry No. 42-3), and her own affidavit (Docket Entry No. 42-4).

By Order entered May 21, 2018 (Docket Entry No. 44), Plaintiff was notified of the motion for summary judgment, warned that his lawsuit could be dismissed if he failed to respond, and given a deadline of June 29, 2018, to file a response. Upon Plaintiff's motion, his response deadline was extended to August 6, 2018. *See* Order entered July 5, 2018 (Docket Entry No. 49). However, Plaintiff has not responded in any manner to the motion for summary judgment.

## III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party has the burden of showing the absence of genuine factual disputes. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. CONCLUSIONS

A. 42 U.S.C. § 1983

A claim under 42 U.S.C. § 1983 requires evidence that: (1) Plaintiff was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and, (2) the deprivation was caused by a person acting under color of state law. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).

Defendant Oakes does not contest that she acted under color of state law with respect to the events at issue. Thus, the question at hand is whether she caused a deprivation of Plaintiff's constitutional rights and bears personal liability under Section 1983 for the deprivation.

To support a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff must set forth evidence showing that Defendant Oakes intentionally discriminated against him because of his membership in a protected class. *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008). There must be evidence of "purposeful" discrimination. *McCleskey v. Kemp*, 481 U.S. 279, 292-93, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); *Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir. 1986).

B. Plaintiff's Claim Against Defendant Oakes

Plaintiff's allegations were sufficient to permit his claim against Defendant Oakes to survive initial frivolity review. However, when a motion for summary judgment is filed and properly supported under Rule 56, as is Defendant Oakes' motion, the non-moving party may not rest on the

allegations contained in the complaint, but must respond with affirmative evidence supporting his claim and establishing the existence of a genuine issue of material fact that requires that the case proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has not satisfied this obligation. He has not responded to Defendant Oakes' motion, has not rebutted the evidence or arguments set forth by Defendant Oakes, and has not supported his claim against her with any evidence. Additionally, because Plaintiff has not responded to Defendant Oakes' Statements of Undisputed Facts, the asserted facts "shall be deemed undisputed for the purposes of summary judgment." Local Rule 56.01(f). Accordingly, the Court may rely upon the facts set forth by Defendant Oakes as the undisputed evidence.

Even when viewed in the light most favorable to Plaintiff, the undisputed evidence runs counter to any reasonable finding that Defendant Oakes violated Plaintiff's equal protection rights. Defendant Oakes had no involvement in bringing the disciplinary charges against Plaintiff or in the subsequent disciplinary proceedings at which Plaintiff was found guilty on those charges. *See* Statement of Undisputed Facts (Docket Entry No. 42) at ¶ 38. Additionally, Defendant Oakes had no role in the decision of whether or not disciplinary charges were brought against the two inmates who had a weapon found in their cell. *Id*. at ¶ 39. A defendant cannot be held individually liable

under Section 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. *Miller v. Calhoun County*, 408 F.3d 803, 817, n.3 (6th Cir. 2005); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). Such evidence is lacking as to Defendant Oakes.

The fact that Defendant Oakes reviewed Plaintiff's Title VI complaint about the matter and decided not to act upon his complaint is not a sufficient basis to support a viable Section 1983 claim against her. *See Coldon v. Ruck*, 2018 WL 2193929 at *7 (M.D. Tenn. May 14, 2018) (Crenshaw, J.). Her after-the-fact awareness of Plaintiff's allegations of wrongdoing as set out in his Title VI complaint is not sufficient, in and of itself, to support a claim of personal liability under Section 1983. *Id*. He must present evidence showing that Defendant Oakes directly participated, encouraged, authorized, or acquiesced in the alleged underlying unconstitutional conduct. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Such evidence is absent.

If an internal prison grievance or complaint triggered a duty to investigate that could form the basis for constitutional liability if the responding official did not overturn the underlying wrong complained about, then prison administrators would essentially become liable for all acts committed within the prison system that are the subject of an institutional grievance or complaint. Such a scenario is not consistent with the requirement of a showing of personal liability under Section 1983. *See Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Shehee*, 199 F.3d at 300; *Henry v. Pogats*, 35 F.3d 565, 1994 WL 462129 (6th Cir. Aug. 25, 1994) (unpublished) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983.").

Based on the evidence before the Court, no reasonable jury could find in favor of Plaintiff on his claim against Defendant Oakes. Even when the evidence is viewed in the light most favorable to Plaintiff, there is simply no evidence that he was treated by her in a manner that violated his constitutional rights.

Given the dearth of evidence supporting Plaintiff's claims, any factual questions fail to rise to the level of genuine issues of material fact that require that this claim proceed to trial. Finally, the Court's finding that there is no evidence that a constitutional violation occurred is sufficient to warrant dismissal of the claim against Defendant Oakes without full analysis of the qualified immunity defense. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009).

## R E C O M M E N D A T I O N

For the reasons set out above, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 40) filed by Defendant Stacy Oakes be GRANTED and that Defendant Oakes be DISMISSED WITH PREJUDICE.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding

---

[1] Because Defendant Epley has not joined in the motion for summary judgment, the case should be returned to the Magistrate Judge upon resolution of Defendant Oakes' motion for further proceedings as to Epley.

the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge