IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

M. BRANDON ADAMS )
 )
　v. ) NO: 1:17-0055
 )
BENJAMIN BEANE, et al. )

**TO:  Honorable William L. Campbell, Jr., District Judge**

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 18, 2017 (Docket Entry No. 6), this *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion (Docket Entry No. 57) of Defendant Daniel Epley to dismiss this lawsuit under Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion. For the reasons set forth below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and this action be dismissed.

### I.  BACKGROUND

Brandon Adams ("Plaintiff") is a former inmate of the Tennessee Department of Correction ("TDOC") who is no longer incarcerated. He filed this lawsuit *pro se* and *in forma pauperis* on June 16, 2017, seeking damages and injunctive relief under 42 U.S.C. § 1983 for violations of his

federal constitutional rights alleged to have been committed at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee. Process was issued to TDOC correctional employees Daniel Epley ("Epley") and Stacy Oakes ("Oakes") on Plaintiff's claim that they violated his Fourteenth Amendment equal protection rights by discriminatory enforcement of prison disciplinary rules. *See* Docket Entry No. 6 at 2.

Defendant Oakes was served with process, and a scheduling order was entered providing for a period of pretrial activity. *See* Docket Entry No. 24. Defendant Oakes subsequently filed a motion for summary judgment, which was granted by Order entered October 1, 2018 (Docket Entry No. 52). Process for Defendant Epley was initially returned unexecuted, but he was eventually served with process and filed an answer. *See* Docket Entry No. 48. Two amended scheduling orders were entered providing for additional periods of pretrial activity. *See* Docket Entry Nos. 53 and 56.

After Plaintiff failed to respond to a motion by Defendant Epley to compel discovery from Plaintiff, *see* Motion (Docket Entry No. 55), the Court (1) gave Plaintiff a May 24, 2019, deadline to serve upon Defendant Epley his responses to interrogatories and (2) ordered Plaintiff to appear for his deposition at a date to be reset and noticed by counsel for Defendant Epley. *See* Order entered May 9, 2019 (Docket Entry No. 56). Plaintiff was specifically warned that his failure to comply with the Court's directives may result in the imposition of sanctions against him, including a recommendation for dismissal of the action. *Id*.

By his pending motion to dismiss, Defendant Epley contends that Plaintiff has not complied with the Court's order compelling Plaintiff to participate in discovery. Defendant Epley asserts that he has not been provided with Plaintiff's written discovery responses. Additionally, counsel for Defendant Epley asserts that, in the process of attempting to reschedule Plaintiff's deposition,

counsel spoke with Plaintiff by phone and Plaintiff indicated that he no longer wished to proceed with the lawsuit. Although counsel had subsequent communications with Plaintiff about executing a motion to voluntarily dismiss the lawsuit, a motion which counsel drafted and provided to Plaintiff, Plaintiff failed to file the motion and he ceased communicating with counsel for Epley. *See* Motion to dismiss (Docket Entry No. 57) and attached exhibits (Docket Entry Nos. 57-1 through 57-5). Given these events, Defendant Epley seeks dismissal of this lawsuit under Rule 41(b) because of Plaintiff's failure to prosecute.

By Order entered August 7, 2019 (Docket Entry No. 58), Plaintiff was given a deadline of August 26, 2019, to file a response. Plaintiff was specifically advised that his failure to file a timely response would result in a recommendation that the motion be granted and this action be dismissed. *Id*. Plaintiff has not filed a response to the motion.

## II. CONCLUSION

Rule 37(b) of the Federal Rule of Civil Procedure provides that the Court may make such orders "as are just" when a party fails to obey an order to provide discovery. Sanctions are set forth in Rule 37(b)(2) and include the sanction of "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). Rule 16(f)(1) also provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order." Finally, it is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626 (1961), and Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d

38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

Plaintiff's failure to respond to the motion to compel, failure to respond to the pending motion to dismiss, and failure to comply with the Court's May 9, 2019 Order warrants the dismissal of the action. Despite the explicit warnings of the consequences, Plaintiff has ignored the orders of the Court. His actions indicate that he has lost interest in this lawsuit, and his refusal to engage in discovery has prejudiced Defendant Epley's ability to defend this case.

Although the Court recognizes Plaintiff's status as a *pro se* litigant affords him with some leeway in the litigation of his case, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties with respect to discovery and compliance with the orders of the Court. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (Haynes, J.) (*pro se* plaintiff's failure to respond to discovery requests and adhere to court imposed deadlines warranted sanction of dismissal); *Hanners v. Jones*, 2007 WL 2710694 (M.D. Tenn. Sept. 13, 2007) (Nixon, J.) (same). Plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion. Dismissal of the action with prejudice is appropriate in light of Plaintiff's fault and dilatory conduct, the prejudice caused to Defendant Epley by Plaintiff's refusal to participate in discovery, and the needless expenditure of resources caused by Plaintiff's conduct.

4

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that Defendant Daniel Epley's motion to dismiss (Docket Entry No. 57) be GRANTED. The Court further RECOMMENDS that this case be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b); Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to any objections must be filed within fourteen (14) days of service of the objections. *See* Fed. R. Civ. P. 72(b); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge